UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KYLE BOWEN,

         Plaintiff,
                   1:24-CV-114
   v.                (LEK/DJS)

THOMAS GORDON, *et al.*,

         Defendants.
_____

**APPEARANCES:**          **OF COUNSEL:**

KYLE BOWEN
Plaintiff *Pro Se*
Albany, New York 12203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  The Clerk has forwarded for review a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has granted.

### I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

  28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

- 1 -

such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint in this case is far from a model of clarity. Plaintiff has not provided a detailed recitation of the underlying facts, instead identifying only a few specific factual allegations against each individually named Defendant. *See* Compl. at pp. 6-7. Nor has Plaintiff identified specific legal claims against each Defendant. He asserts federal question jurisdiction under 28 U.S.C. § 1331 and identifies the federal questions at issue as "4th Amendment/14th Amendment/28 US Code 1691." Compl. at p. 3. Though not specifically noted, the Court presumes this action was intended to be brought pursuant to 28 U.S.C. § 1983. What is clear is that Plaintiff's primary objection relates to the imposition of child support orders. *See id.* at pp. 8-17.

### C. Analysis of the Complaint

The Complaint is subject to dismissal on several grounds.

#### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "divests federal courts of jurisdiction to consider suits which seek to overturn state court judgments." *Fernandez v. Turetsky*, 2014 WL

5823116, at *3 (E.D.N.Y. Nov. 7, 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine also "bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination." *Id.* (quoting *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir. 1999)).  A dismissal pursuant to the *Rooker-Feldman* doctrine is for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Remy v. New York State Dep't of Tax'n and Fin.*, 507 F. App'x. 16, 18 (2d Cir. 2013).

There are four requirements to the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff's injuries must have been caused by a state court judgment; (3) the plaintiff must be asking the federal court to review and reject the state court's judgment; and (4) the state-court judgment must have been rendered prior to filing the federal court action.  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Here, Plaintiff is challenging the support judgment entered against him, and therefore all four elements of *Rooker-Feldman* are present in this case, and the matter should be dismissed.  Compl. at p. 7; *Fernandez v. Turetsky*, 2014 WL 5823116, at *4 (E.D.N.Y. Nov. 7, 2014) ("Courts have repeatedly invoked the doctrine in cases, like the one currently before the Court, in which plaintiffs challenge family court decrees setting child support arrears.") (collecting cases); *Dinsio v. Appellate Div., Third Dep't*, 2017 WL 3016832, at *10-12 (N.D.N.Y. July 14, 2017).

*2. Judicial Immunity*

Thomas Gordon is named as a Defendant related to his role as a Family Court Support Magistrate. Compl. at p. 2. Plaintiff makes allegations against Gordon including objecting to orders issued by Gordon and Gordon's alleged refusal to permit Plaintiff the ability to engage in discovery. *Id.* at p. 6. The Court recommends that claims against Gordon be dismissed with prejudice based on judicial immunity.

The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 51 (internal quotation marks and citations omitted). The Supreme Court has emphasized that the scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351(1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* "Judicial immunity bars claims for damages." *Collins v. Lippman*, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005) (citation omitted). "It also bars claims for injunctive relief unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* (internal quotation omitted). Support Magistrates are entitled

to this judicial immunity. *Clay v. Bishop*, 2023 WL 3352903, at *4 (N.D.N.Y. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2910545 (N.D.N.Y. Apr. 12, 2023). Given that Plaintiff's claims against Gordon relate directly to the performance of his judicial duties immunity is appropriate.

### 3. Municipal Liability

Also named as a Defendant is the Child Support Enforcement Unit, an administrative unit of Rensselaer County. "Under *Monell*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal policy or custom." *Sorenson v. Suffolk Cnty. Child Support Enf't Bureau*, 2009 WL 580426, at *3 (E.D.N.Y. Mar. 5, 2009) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691, 694-95 (1978)). To sustain such a claim Plaintiff "must show he was deprived of a constitutional right by a municipal custom or policy." *Johnson v. New York*, 21 F. App'x 41, 43 (2d Cir. 2001). Plaintiff makes no allegations of a policy or custom, Compl. at p. 6, and, therefore, claims against the Support Unit should be dismissed.

### 4. Claims against Attorneys

Plaintiff has also named two attorneys and a law firm as Defendants. Compl. at pp. 6-7. As noted above, though the Complaint does not specifically identify 42 U.S.C. § 1983 as a basis for the claims made in this case, given Plaintiff's assertion of violations of constitutional rights, the Court construes the claims to be brought under that provision. Under section 1983 a plaintiff must demonstrate that the defendants engaged in state

action. *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). It is well-established that private attorneys and law firms, included those appointed to represent individuals, are not state actors for purposes of section 1983. *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (citing cases). Plaintiff's claims, therefore, are subject to dismissal for lack of state action.

### 5. 28 U.S.C. § 1691

The Complaint also identifies 28 U.S.C. § 1691 as a potential basis for a claim. That section provides in full: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." Plaintiff makes no reference to any proceedings in federal court and so this section is plainly inapplicable.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 20, 2024
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge