UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KYLE BOWEN,

                              Plaintiff,

  -against-                                                    1:24-CV-114 (LEK/DJS)

THOMAS GORDON, *et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Kyle Bowen filed this action on January 24, 2024, against numerous defendants regarding child support orders. Dkt. No. 1 ("Complaint"). On March 11, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Complaint be dismissed with prejudice. Dkt. No. 5 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 7 ("Objection").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with Judge Stewart's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See R. & R. at 3.

**III.    LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original);

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). "The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

IV.  DISCUSSION

Plaintiff makes several objections to Judge Stewart's Report and Recommendation. First, Plaintiff argues that, contrary to Judge Stewart's findings, Defendant Thomas Gordon ("Gordon") is not entitled to judicial immunity. See Obj. at 1–2. Plaintiff argues that Gordon is not protected by judicial immunity because Gordon is a Support Magistrate. See id. However, that argument runs directly contrary to this Circuit's case law. See Corrado v. N.Y. Off. of Temp., No. 15-CV-7316, 2016 WL 3181128, at *4 (E.D.N.Y. June 2, 2016) ("This absolute [judicial] immunity includes state government officials, such as a support magistrate in the Family Court, under a 'quasi-judicial' theory.") (collecting cases). Plaintiff also cites to Ex parte Young, 209 U.S. 123 (1908), to support his position. See Obj. 2–3. That doctrine, however, concerns enforcement of unconstitutional laws by state officials, and is therefore inapplicable to the instant case. See Virginia Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254 (2011) (explaining the Ex parte Young doctrine). Judge Stewart was therefore correct in finding that Gordon has judicial immunity from Plaintiff's suit.

Plaintiff next argues that "[t]he Child Enforcement Unit of Rensselaer has violated [his Fourth Amendment rights]," and details the reasons for his position. Obj. at 3. Yet Plaintiff does not appear to make a specific objection to Judge Stewart's municipal liability analysis, in which Judge Stewart explained that Plaintiff could not bring claims against Defendant Child Support Enforcement Unit because Plaintiff does not allege violations of a particular policy or custom.

3

See id.; R. & R. at 6. Given that Plaintiff's objection is not "specific and clearly aimed at particular findings in the magistrate's proposal," this objection is overruled. DiPilato, 662 F. Supp. 2d at 340.

Finally, Plaintiff appears to argue that Judge Stewart's application of the Rooker-Feldman[1] doctrine's four-factor test is flawed. See Obj. at 3. Under Rooker-Feldman, a federal court may not consider challenges to a state court judgment if the following factors are met: "(1) the federal court plaintiff must have lost in state court; (2) the plaintiff's injuries must have been caused by a state court judgment; (3) the plaintiff must be asking the federal court to review and reject the state court's judgment; and (4) the state-court judgment must have been rendered prior to filing the federal court action." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Plaintiff states that he does not satisfy the first or second elements because he "was not the plaintiff who lost in state court;" instead, he "was the defendant" in that action. Obj. at 3. The Court recognizes that Plaintiff was not the plaintiff in the state court action. However, the first element asks whether the "*federal*-court plaintiff" lost in state court. Hoblock, 422 F.3d at 85 (emphasis added). It is immaterial whether Plaintiff was a plaintiff or defendant in the state court case. Additionally, Plaintiff states he does not satisfy the third or fourth elements because he is "currently in state court" and is "using the order to show my rights have been violated." Obj. at 3. Again, Plaintiff misunderstands the Rooker-Feldman elements. Plaintiff's Complaint is explicitly based on a prior order from the state court, which is sufficient to find that the third and

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

fourth elements of the Rooker-Feldman doctrine apply to Plaintiff. See Compl. at 6–7.[2] Plaintiff's objection is therefore overruled.

The Court adopts Judge Stewart's recommendation in its entirety. As any attempt to amend the Complaint would be futile, the Court dismisses this action with prejudice. See Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources.").

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 26, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[2] Page numbers refer to ECF pagination.